

IN THE CIRCUIT COURT
SEVENTH JUDICAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY
FLORIDA

SCOTT E. LAGASSE

    Plaintiff,

vs.

CASE NO.: CA01-835

RED CELL CANADA, INC.,
a foreign corporation

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff Scott E. Lagasse, and sues the Defendant Red Cell Canada, Inc., and says as follows:

### PARTIES

1. Scott E. Lagasse [hereinafter Lagasse] is a natural person resident in and doing business in St. Johns County, Florida.

2. Red Cell Canada, Inc. [hereinafter Red Cell] is a foreign corporation organized and licensed to do business in Vancouver, Canada. Red Cell Canada, Inc. is and has been doing business in the State of Florida.

### BACKGROUND AND FACTS

3. Plaintiff Scott Lagasse has been a professional racecar driver since 1985 driving on the Sports Car Club of

America, International Motor Sports Association, American Speed Association, Automobile Racing Club of America, and NASCAR Motor Sports Racing Circuits. On or about January 1998, in Las Vegas, Nevada, Plaintiff Lagasse was approached by Ron Mason (President of Defendant Red Cell) who represented that he was the owner and present CEO of Red Cell out of Canada. Defendant Mason indicated his intention to use the NASCAR Racing Circuit to promote his product in the United States and sought Plaintiff Lagasse's services, as a driver, and in directing Red Cell's obtainment and development of a racing team to promote its product.

4.  Lagasse introduced Defendant Mason to ST Motor Sports, Inc. out of Charlotte, North Carolina, which resulted in the execution of the May 15, 1998, Sponsorship Agreement [hereinafter original sponsorship agreement] which is attached hereto as Exhibit "1." Although this Agreement states it is between "Amerind Industries, Inc., as general partner for Amerind Limited Partnership, at all times Ron Mason was dealing on behalf of Red Cell.

5.  Under that original sponsorship agreement, Lagasse was employed as team manager/driver with ST Motor Sports, Inc. and was to drive in ten (10) NASCAR/Bush Grand National Races during the 1998 racing season and all races run in the months of February through November 1999 in the NASCAR/Bush Grand National

series. After one race (June '98), Red Cell advised ST Motor Sports that, due to its failure to have a timely product launch, it wished to delay racing activities. Agreement was reached between ST Motor Sports, Inc. and Ron Mason on behalf of Red Cell whereby ST Motor Sports, Inc. would be released from the Sponsorship Agreement and Plaintiff Scott Lagasse would receive all its rights and obligations under the original Sponsorship Agreement. This agreement was made with the intention of resuming racing late 1998 and to continue through 1999 and on. This was memorialized by way of a one page "Assignment of Red Cell Sponsorship Agreement" effective October 10, 1998 (a copy of which is attached hereto as Exhibit "2."

6. In reliance upon Ron Mason's continued expression of intention to run a complete racing season during 1999 and beyond, Plaintiff Lagasse continued to keep a racing team together, and began assembling a new operation in Florida, where Red Cell main offices would also be located. At Mason's request Plaintiff also engaged in extensive marketing on behalf of Red Cell to place its products in stores in Florida and throughout the southeast. Lagasse agreed to, and did, assist Red Cell in formulating its market launch plan in Florida and throughout the northeast, with a commitment from Red Cell to compensate Lagasse based on a percentage of the sales. Red Cell entered into the motorsports agreement with Scott Lagasse on March 26, 1999,

[hereinafter the Agreement], which is attached hereto as Exhibit "3." Although the Agreement states that it is between "Red Cell, Amerind, Inc.," at all times Ron Mason was dealing on behalf of and committed Red Cell to the Agreement. On information and belief, no entity named Red Cell, Amerind, Inc. has ever existed.

7. Said agreement requires Red Cell to pay Lagasse $10,000 per month beginning the first month that Lagasse provided any personal services that pertained to motor sports, or January 1, 2000, whichever occurred first. Lagasse first provided services to Red Cell that pertained to motor sports in June 1999. Hence, the monthly fee was due and payable from June 1999 until December 1, 2002. Red Cell has not paid that monthly fee and therefore currently owes Lagasse $240,000.00.

8. Additionally, Red Cell granted to Lagasse Motor Sports exclusive control of all dollars spent by Red Cell as they pertain to motor sports activities until December 31, 2002, with the intention of Lagasse Motorsports operating Red Cell Racing through December 31, 2002. In total breach of this agreement, Defendants have chosen to deal first with Galaxy Motor Sports in conjunction with Turner Broadcast System during the 2000 motor racing season, and currently with Brett Bodine racing team in conjunction with Ralph's Food Stores during the 2001 racing

season, including the most recent race at California, April 29, 2001.

## COUNT I

9. Plaintiff hereby reincorporates all the paragraphs above numerated as if set forth herein.

10. Defendants' failure to pay Lagasse his monthly fee of $10,000 and its failure to accord him the exclusive control of all dollars spent by Red Cell as they pertain to motor sports activities constitute a breach of contract.

12. At all times material, Lagasse has stood ready and stands ready to perform his obligations under the agreement to construct and provide a racing team to promote Red Cell's products in the United States via NASCAR Racing.

WHEREFORE, Plaintiff demands judgment from Red Cell in the amount of $240,000, plus an amount calculated from the amounts that were actually spent by Red Cell on motor sports activities during the 2000 season and their planned expenditures for 2001 and 2002, together with interest, costs, and attorneys' fees. **Plaintiff demands trial by jury.**

MOSELEY, WARREN, PRICHARD & PARRISH

By *[signature]* Robert Parrish
Robert B. Parrish
FL Bar No. 268739
510 West Bay Street
Jacksonville, FL 32202
(904)356-1306
Attorney for Plaintiff